UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HENRY R. DENTON and MARILYN K. DENTON, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, etal.,<br><br>Defendants. | Case No. 1:10-CV-00449-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above entitled matter is Defendants' Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure12(b)(6). The Motion was filed on September 20, 2010. The time for filing responsive briefing has expired with no response being filed. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the

**MEMORANDUM ORDER - 1**

decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Henry R. Denton and Marilyn K. Denton initiated this action against the Defendants, Farm Bureau Mutual Insurance Company of Idaho ("Farm Bureau") and John W. Ensunsa, in Idaho state court. The Complaint alleges claims for negligence and breach of contract arising from the denial of Plaintiffs' claim filed under their insurance policy for their 2008 spring and winter wheat crops which they purchased from the Defendants. That year, Plaintiffs experienced yield loss and low harvest prices and filed a claim with Farm Bureau which was denied. Plaintiffs responded by filing this action on July 28, 2010. Plaintiffs served the Complaint upon the Defendants on August 9 and 17, 2010. (Dkt. No. 1, Ex. B.) On August 31, 2010, Mr. Ensunsa filed an Answer in state court. (Dkt. No. 1, Ex. A, Answer.) On September 2, 2010, Farm Bureau filed a Notice of Removal in this Court and, on September 20, 2010, filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court now takes up. (Dkt. Nos. 1, 5.)

## STANDARD OF LAW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring

**MEMORANDUM ORDER - 2**

only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. Fraud claims must be plead "with particularity." Fed. R. Civ. P. 9.

In 2007, the United States Supreme Court decided *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) in which it styled a new Rule 12(b)(6) "plausibility standard," holding that a complaint must offer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. This standard, the Court explained, requires "more than labels and conclusions, and [that] a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To determine the level of factual detail needed, the Supreme Court concluded that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Id*.

In May 2009, the Supreme Court decided *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), explaining that the "plausibility" standard in *Twombly* applies to "all civil actions." *Id*. at 1953. The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949. In a sharply divided Court, the five Justice majority stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, under *Iqbal*, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

**MEMORANDUM ORDER - 3**

possibility and plausibility of 'entitlement to relief.'" *Id*.

The Court further discussed the "[t]wo working principles" adopted in *Twombly*. *Id*. at 1940. First, it noted, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949. Second, the Supreme Court reiterated that "only a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." *Id*. at 1950 (internal citations omitted). "Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id*. (internal citations omitted). Thus, following *Twombly* and *Iqbal*, it is clear that a heightened pleading standard applies to all civil cases filed in federal court.

The Ninth Circuit courts, along with courts in several other circuits, have adopted the two-step approach for deciding a Rule 12(b)(6) motion to dismiss.[1] First, a district court must

---

[1] *See, e.g., Delta Mech., Inc. v. Garden City Group, Inc.*, 345 Fed. Appx. 232 (9th Cir. 2009), *Falcocchia v. Saxon Mortgage, Inc.*, 709 F.Supp.2d 860, 865 (E.D. Cal. 2010), *Torne v. Republic Mortgage LLC*, No. 09-2445, 2010 WL 1904507 (D. Nev. 2010), *Slockish v. U.S. Fed. Highway Admin.*, 682 F.Supp.2d 1178 (D. Or. 2010); *see also e.g., Sanchez v. U.S.*, No. 09-1260, 2010 WL 1626118, D. P.R. March 31, 2010) (First Circuit), *Kovarik v. Downey*, No. 09-1646, 2010 WL 2294523 (M. D. Pa. June 4, 2010) (Third Circuit), *Matthews v. Novant Health, Inc.*, No. 09-494, 2010 WL 2131559 (W. D. N.C. April 29, 2010) (Fourth Circuit), *Lucarino v. Con-Dive, LLC*, No. 09-2548, 2010 WL 786546 (S.D. Tex March 05, 2010) (Fifth Circuit), *Cincinnati Ins. Co. v. Stolzer*, No. 09-396, 2010 WL 481298 (E. D. Mo. February 05, 2010) (Eight Circuit), *Grosharev v. Wilson's Ltd., Inc.*, No. 308-1219, 2010 WL 2136434 (M. D. Fla. May 27, 2010) (Eleventh Circuit).

**MEMORANDUM ORDER - 4**

accept as true all non-conclusory, factual allegations made in the complaint. *Iqbal*, 129 S.Ct. at 1950, *Erickson v. Pardus*, 551 U.S. 89 (2007). Based upon these allegations, a federal trial court examining a complaint for sufficiency of information must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

After any conclusory statements have been removed, the district court must then analyze the remaining factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Delta Mech., Inc.*, 345 Fed. Appx. at 234. The Supreme Court noted that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. In sum, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. While "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*) (internal citation omitted).

# DISCUSSION

Plaintiffs' Complaint alleges Mr. Ensunsa negligently breached his duty of care and oral contract when he advised Plaintiffs regarding the insurance policy they purchased by failing to adequately explain the terms of the policy and write a policy that provided adequate coverage for the Plaintiffs needs. (Dkt. No. 1, Complaint, ¶¶ 22, 28.) Plaintiffs allege they relied on their insurance agent, Mr. Ensunsa, who recommended and advised them to purchase the revenue assurance policy rather than a crop revenue coverage policy. Plaintiffs further allege Mr. Ensunsa failed to properly fill out the insurance forms and applications by dividing the Plaintiffs' crops into separate units on the basis of crop type and location. (Dkt. No. 1, Complaint, ¶¶ 22, 28.) Plaintiffs further allege Farm Bureau breached its duty of care by failing to properly train its agent, Mr. Ensunsa, to properly select insurance products to adequately cover the Plaintiffs' needs, to properly fill out the insurance forms and applications, and to supervise its agent. (Dkt. No. 1, Complaint, ¶ 33.) That year, 2008, Plaintiffs suffered a crop loss and harvest prices that were below the projected prices. The Plaintiffs' insurance claim under the policy was denied and Plaintiffs allege they suffered damages as a result of the Defendants' conduct in the amount of $66,387.79. (Dkt. No. 1, Complaint, ¶ 37.)

Farm Bureau argues the Plaintiffs' causes of action in this case regarding their 2008 claim were required, under the terms of the insurance policy, to be resolved through either mediation or arbitration and that the Plaintiffs have failed to request mediation or initiate arbitration. (Dkt. No. 6, p. 2.) The Complaint references the insurance policy under which Plaintiffs' claim was denied. (Dkt. No. 1.) Farm Bureau has provided the 2008 insurance policy as Exhibit B to an Affidavit of Teri Fellon filed in support of their Motion to Dismiss. (Dkt. No. 7, Ex. B.) The Court has

considered the terms of the policy which has given rise to the Plaintiffs' claims.[2] Paragraph 20 of the insurance policy contains the mediation and arbitration language of the policy and states:

> If you and we fail to agree on any determination made by us except those specified in section 20(d), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA) except as provided in sections 20(c) and (f), and unless rule are established by FCIC for this purpose.

(Dkt. No. 7, Ex. B, ¶ 20.) The exception for section 20(d) does not appear to apply here to the Plaintiffs' claims as it covers a determination regarding whether the insured used "good farming practices." (Dkt. No. 7, Ex. B, ¶ 20(d).)

Farm Bureau argues the Plaintiffs' claims show they "disagree with several determinations by Farm Bureau and its agents regarding agent training, policy preparation, policy interpretation and the decision" denying their claim. (Dkt. No. 6, pp. 3-4.) In support of their Motion, Farm Bureau cites to *Chappel v. Laboratory Corp. of America*, 232 F.3d 719 (9th Cir. 2000). In that case the Ninth

---

[2] Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Branch v. Tunnel*, 14 F.3d 449, 453 (9th Cir. 1993). Furthermore, if a Rule 12(b)(6) motion raises "matters outside the pleading" and these matters are "presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Id.* at 453. Because the Court has considered the language of the insurance policy, the Court will treat this Motion as one for summary judgment.

When reviewing a motion for summary judgment, the proper inquiry is whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those which may affect the outcome of the case. *See Id.*

**MEMORANDUM ORDER - 7**

Circuit dismissed a complaint for failure to state a claim where the Plaintiff brought suit after his medical benefits claim were denied under the Employee Retirement Income Security Act. The Ninth Circuit concluded that the arbitration clause in the policy was valid and enforceable. *Id.*

The Court finds, based on the record before it, that there is no genuine issue as to any material fact and that the Defendants are entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Paragraph 20 of the insurance policy directs the parties may pursue mediation but, if not mediation, they must resolve their disagreement through arbitration. (Dkt. No. 7, Ex. B, ¶ 20.) There is nothing indicating Plaintiffs have initiated either mediation or arbitration. Moreover, there is nothing in the record to indicate Paragraph 20's requirements for doing so do not apply to the Plaintiffs' claims. In fact, Plaintiffs have not responded to the Motion nor provided anything contradicting the language of the policy. Local Civil Rule 7.1(e) states that the failure to timely file any response documents required by the rule in a timely manner may be "deemed to constitute a consent to ... the granting of said motion...." As such, the Court finds the Motion to Dismiss is well taken and, there being no response from Plaintiffs, will grant the same.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** that Defendant's Motion to Dismiss (Dkt. No. 6) is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

DATED: **April 26, 2011**

Honorable Edward J. Lodge
U. S. District Judge